

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:       Scott Richard Pendergraft v. The State of Texas

Appellate case numbers:   01-18-00033-CR & 01-18-00034-CR

Trial court case numbers:  1512987 & 1512988

Trial court:                      262nd District Court of Harris County

Appellant's court-appointed counsel filed a brief on July 19, 2018, concluding that the above-referenced related appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). However, counsel has not filed a motion to withdraw from representation with the Clerk of this Court. If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See Anders*, 386 U.S. at 744. An *Anders* brief must accompany a motion to withdraw, neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008).

In addition, although counsel attached a certificate of counsel to his *Anders* brief, counsel has not filed a separate notice of compliance, or otherwise certified that he has written a letter to appellant, in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), "to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Terrence Gaiser, to file a motion to withdraw and send a letter to the appellant in accordance with *Kelly*. *See* TEX. R. APP. P. 6.5, 9; *Kelly*, 436 S.W.3d at 319–20. We further **order** appellant's appointed counsel to notify us in writing "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record." *Kelly*, 436 S.W.3d at 320. Because appellant already filed a *pro se* motion for access to the appellate record on July 23, 2018, counsel does not need to send the form motion to his client but should notify his client as provided above.

Counsel shall send the required letter to his client and shall file the required motion to withdraw and *Kelly* notice with the Clerk of this Court **within 10 days of the date of this order**. *See* TEX. R. APP. P. 6.5, 9; *Schulman*, 252 S.W.3d at 410, 412.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes
        ☑ Acting individually    ☐ Acting for the Court

Date: July 26, 2018